1  DAVID JAMES TRAPP, SB #121274
   Attorney at Law
2  501 Stockton Ave.
   San Jose, CA  95126
3  Telephone: (408) 298-2566

4  Attorney for Creditor
   JLJR LLC

5

6

7

8                     UNITED STATES BANKRUPTCY COURT
                      NORTHERN DISTRICT OF CALIFORNIA
9

10 In Re:                           CHAPTER 13
                                    CASE NO. 13-54056 ASW
11    DAVID S. LEE
                                    MOTION TO DISMISS
12                                  CHAPTER 13 CASE

13                                  Date: December 2, 2013
                  Debtor(s)         Time: 2:15 PM
14 _____/     Room: 3020

15

16    Unsecured creditor, JLJR LLC, (hereinafter cited as "Creditor")

17 seeks an order dismissing this case for cause pursuant to 11 U.S.C.

18 section 109(e).

19 **Debtor does not qualify as a Chapter 13 Debtor Because he Owes**

20 **Significantly more than the Amount Identified for Unsecured Debt**

21 **in 11 U.S.C. 109(e)**

22    11 U.S.C. Section 109(e) limits petitioners who can file a

23 Chapter 13 to those individuals with regular income that owe on the

24 date of the filing of the petition unsecured debt of less than

25 $383,175.00.

26    Debtor David Lee does not qualify.  The total amount of

27 unsecured debts owed by debtor on the day he filed the petition is

28 well over the statutory maximum.  In fact, just the debt owed to

1  this filing Creditor is greater than the maximum limit.

2      In Debtor's Schedule F, he refuses to list any debt owed to

3  this Creditor, and treats other creditors similarly.  He admits,

4  however, in his Schedule of Financial Affairs, question 4, that he

5  is a defendant in the lawsuit brought against him and his co-

6  debtors by Creditor and similarly situated creditors in Santa Clara

7  County Superior Court.  This Creditor has also filed a proof of

8  claim for the sum owing.  For further details regarding Creditor's

9  claim, please refer to the declaration of David Lee filed herewith.

10     Debtor should not be allowed to abuse the bankruptcy system by

11 deliberately playing coy with known amounts owing and at issue and

12 claimed by simply stating "Notice Only" in his schedules.

13     This Court should dismiss the above identified bankruptcy as it

14 simply does not meet the requirements to file a Chapter 13

15 petition.

16                            **Conclusion**

17     Debtor simply does not qualify under the statutory requirements

18 to file a chapter 13 petition.  This case should therefore be

19 dismissed.

20     Respectfully submitted.

21

22 Dated: November 13, 2013          /s/ David James Trapp, #121274
                                   Attorney for Creditor
23

24

25

26

27

28